IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1502-10






THE STATE OF TEXAS



v.



CHARLES WAYNE WARDEN, Appellant





DISSENT TO REFUSAL TO GRANT APPELLANT'S 


PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


CAMERON COUNTY






 Keller, P.J., filed a dissenting opinion in which Cochran, J., joined.


 In this murder case, the trial court turned down appellant's request for a jury instruction on
self-defense. The court of appeals affirmed, holding that the evidence did not support a rational
finding that appellant reasonably believed that the force he used against the victim was immediately
necessary to protect himself against the use or attempted use of unlawful force. (1) I think appellant
was entitled to a self-defense instruction.

 The record includes a DVD of the shooting, taken from an officer's dash camera. Appellant
and two others can be seen in a parking lot at night. They appear to be scuffling or pushing each
other, but the lighting is insufficient to see exactly what is happening at that point. As the officer's
car approaches the men, appellant aims his gun at the men and backs up. One man, Bennett, walks
toward appellant as he continues to back up. There is a popping sound. Someone throws a chair at
appellant from nearby and it hits him on the arm or shoulder. Bennett continues to walk toward
appellant and appellant keeps walking backwards. It appears that appellant then shoots Bennett, who
doubles over, then stands up and keeps walking for a few seconds before he falls down. The time
from when the camera catches the scuffle until appellant shoots Bennett is about five seconds.

 We have said that if a defense is supported by the evidence, a defendant is entitled to an
instruction on that defense, even if the evidence supporting the defense is weak or contradicted, and
even if the trial court is of the opinion that the evidence is not credible. (2) In Shaw v. State, we also
said that the evidence must support a rational finding as to each element of the defense. (3) The court
of appeals seems to have construed Shaw in a way that is at odds with our prior pronouncements that
the jury determines what (rational) inferences may be drawn from the evidence. I think the error in
this case was probably harmless for the very reasons that the court of appeals thought a self-defense
finding would be irrational and because the jury's assessment of punishment at sixty-five years
indicates a belief that appellant's actions were significantly blameworthy. Nevertheless, on the facts
of this case, I believe that the law required that the jury have the opportunity to decide the issue of
self-defense.

 Perhaps our opinion in Shaw was not as clear as it might have been. I would grant review
to clarify matters. 

 I respectfully dissent.

Filed: February 9, 2011

Do not publish

 
1. Warden v. State, No. 13-09-00116-CR, slip op. at 12-13 (Tex. App.-Corpus Christi-Edinburg September 16, 2010) (not designated for publication).
2. Ferrel v. State, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001); see also Shaw v. State,
243 S.W.3d 647, 658 (Tex. Crim. App. 2007). 
3. Shaw, 243 S.W.3d at 657-58.